The ·People *v.* Bates.

FRANKLIN OYER AND TERMINER, August 22, 1823. Before *Walworth,* Circuit Judge, and the County Judges.

## THE PEOPLE *vs.* JOHN BATES.

Assault and battery, with intent to commit a rape, may be proved without the testimony of the person injured.

Where there is reason to believe that the person injured is kept out of the way by the prisoner or his friends, and the assault and battery, &c., are proved by persons who heard the cries of the woman and witnessed the transaction from a distance, the jury may infer the intent from the circumstances as proved.

The prisoner was indicted for an assault and battery, with an intent to commit a rape on Anne Cubes, who was not present at the trial. She and her husband were transient persons and foreigners, and there were strong reasons to believe they had been hired to go off by the friends of the prisoner. Brown, the principal witness, who resided in Canada, had been offered a sum of money if he would not appear against the accused. Brown testified that in passing along the road, in a retired place near evening, he heard the cries of a woman for help. Passing over a small hillock in the road, he discovered the prisoner who had hold of *Mrs. Cubes,* and was apparently attempting to drag her into a small piece of woods adjoining the road. She was screaming and appeared much frightened. When the witness came up, she requested him, though a stranger, to go with her to her residence. The prisoner ordered the witness to be off; who thereupon called for assistance to others who came in sight, and the prisoner on discovering them, fled into the woods.

The People *v.* Kirby.

· *J. Parkhurst*, of counsel for the prisoner, contended that he could not be convicted for this offence without the testimony of Mrs. Cubes, upon whom the rape was charged to have been attempted.

WALWORTH, *Circuit Judge.*—The testimony of the person injured is not absolutely necessary in a case of this kind; which · differs materially from the case of an actual rape. This is only a question of intention. That question the jury must determine from the circumstances of the case. And I can hardly imagine how they could be made stronger, if the woman was herself a witness. If she could explain these circumstances so as to make them consistent with the innocence of the prisoner, it was his duty to procure her attendance at the trial.

The jury found the prisoner guilty, and he was sentenced to seven years' imprisonment in the state prison.

---

ST. LAWRENCE OYER AND TERMINER, August 28, 1823. Before *Walworth*, Circuit Judge, and the County Judges.